**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALABAZAS CREEK RESEARCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER M. GRANHOLM, in her official capacity as Secretary of the United States Department of Energy, *et al.*, <br><br> Defendants. | Civ. Action No. 21-2617 (EGS) |

**MEMORANDUM OPINION AND ORDER**

## I. Introduction

Plaintiff Calabazas Creek Research, Inc. ("Plaintiff" or "CCR") brings this action under the Administrative Procedure Act ("APA") against Defendants Jennifer M. Granholm, in her official capacity as Secretary of the United States Department of Energy, and the United States Department of Energy (collectively, "DOE"). *See* Compl., ECF No. 1 ¶¶ 46-50.[1] CCR alleges that DOE's failure to negotiate in good faith and its failure to direct their contractor to negotiate in good faith constitute agency action that is arbitrary capricious, and not in accordance with

---

[1] When citing electronic filings throughout this Opinion, the Court refers to the ECF header page numbers, not the page numbers of the filed documents.

law in violation of Section 706(2)(A) of the APA. *See id.* ¶ 47. CCR further alleges that DOE unlawfully withheld action in violation of section 706(1) of the APA. *See id.*

Pending before the Court is Defendants' Motion to Dismiss. *See* Defs.' Mot. Dismiss & Mem. Supp. Thereof ("Defs.' Mot."), ECF No. 14. Upon careful consideration of the motion, opposition, and reply thereto, the applicable law, and for the reasons explained below, the Court **GRANTS** Defendants' motion.

## II. Background

### A. Regulatory Framework

The Small Business Innovation Research ("SBIR") program requires federal agencies to make research and development awards to small businesses and to purchase technology developed from these awards. Compl., ECF No. 1 ¶ 6.

The SBIR program involves three phases. In Phases I and II, small businesses must demonstrate the feasibility of the proposed technology and build prototypes. *Id.* ¶ 9. Then, in Phase III, federal agencies purchase the technologies that were developed in Phases I and II. *Id.* Specifically, Phase III consists of "'work that derives from, extends, or completes efforts made under prior funding agreements under the SBIR program.'" *Id.* (quoting 15 § 638(e)(4)(C); SBIR Policy Directive Section 4(c)).

Congress directed the Small Business Administration ("SBA") to issue a Policy Directive regulating the administration of the SBIR program. 15 U.S.C. § 638(j). The Policy Directive provides that "Agencies or their Government-owned, contractor-operated (GOCO) facilities . . . shall issue Phase III awards relating to the technology, including sole source awards, to the Awardee that developed the technology under an [SBIR] award, to the greatest extent practicable." Policy Directive § 4(c)(7). To implement this requirement, "Agencies must make a good faith effort to negotiate with such Awardees regarding the performance of the new, related, work, and to issue Phase III awards for the work." *Id*. § 4(c)(7)(i). "If pursuing the Phase III work with the Awardee is found to be practicable, the agency must award a non-competitive contract to the firm." *Id*. § 4(c)(7)(ii).

The Policy Directive further provides that "[i]f pursuing Phase III work with the Awardee on a sole source/non-competitive basis does not meet the requirements . . . [regarding] availability, practicality and capability, the Agency must document the file and provide a copy of the decision, including the rationale, to the SBA." *Id.* § 4(c)(7)(iii). "An agency or its GOCO [facility] . . . that intends to pursue Phase III work . . . . with an entity other than the Phase I or Phase III SBIR . . . Awardee must notify SBA in writing prior to such award." *Id.* § 4(c)(7)(iv). The notification must include, at a minimum,

3

the "steps the agency has taken to fulfill the special acquisition requirement," the "reasons why a follow-on Funding Agreement with the [SBIR] Awardee is not practicable," and the "identity of the entity with which the agency intends to make award . . . ." *Id.* § 4(c)(7)(iii). SBA may then appeal the agency's decision. *Id.* § 4(c)(7)(v).

### B. Factual

The Court assumes the following facts alleged in the Complaint to be true for the purposes of deciding this motion. *See Baird v. Gotbaum*, 792 F.3d 166, 169 n.2 (D.C. Cir. 2015).

CCR develops high power radiofrequency ("RF") generation and transmission technologies, including "the first 1 megawatt (MW) load for testing RF sources for fusion heating and the quasi-optical launcher technology used worldwide in these sources." *Id.* ¶ 16. DOE awarded CCR a series of SBIR Phase I and Phase II awards. *Id.* ¶ 17. DOE funded these SBIR awards to CCR to "meet an anticipated need for innovative, higher-performing RF loads to be installed and used at a thermonuclear experimental reactor called ITER." *Id.* "The ITER facility is being constructed in France, and the United States is one of several countries that are contributing to its construction." *Id.* "DOE's contributions to the project are made through a DOE program called US-ITER, which is managed by DOE's Oak Ridge National Laboratory ('ORNL')". *Id.*

In spring 2020, DOE announced that it would procure prototype RF loads for evaluation and installation at ITER. *Id.* ¶ 26. "DOE's procurement of RF loads was conducted through the US-ITER organization at ORNL." *Id.* ¶ 27. ORNL is a GOCO that is owned by DOE but operated by UT-Battelle, LLC ("UTB"), a private entity. *Id.* ¶ 27. On July 22, 2020, CCR emailed ORNL to ask that DOE consider a Phase III award to procure the prototype RF loads, stating that "a Phase III award would be consistent with the law 'based on the multiple SBIR awards [CCR had] received for this product.'" *Id.* ¶ 28 (quoting Ex. 4, ECF No. 4-3 at 4). However, on July 23, 2020, Lisa Cobb, the procurement manager at ORNL, informed CCR that the procurement team "will not be considering a Phase III sole-sourced award." Id. ¶ 29. ORNL stated that the reason was that "CCR 'has yet to be awarded a Phase II award, and even if awarded, completion of such work isn't expected until 18-months following August 24th program start." *Id.* ¶ 29 (quoting Ex. 4, ECF No. 4-3 at 3). However, at that time, CCR had already received two Phase II awards. *Id.*

The next day, CCR emailed ORNL to clarify that CCR previously completed two Phase II programs for the product, identifying the award numbers and the power capacities of the SBIR-developed RF loads. *Id.* ¶ 30. The email was addressed to ORNL employees, the Director of DOE's SBIR program and a Program Manager for DOE's Fusion Energy Science Program. *Id.* ¶ 31. DOE

5

did not respond to CCR's email or negotiate with CCR for a Phase III award. *Id.* ¶ 32. Instead, on July 28, 2020, ORNL posted an open solicitation for the prototype RF load. *Id.* ¶ 32. CCR submitted a proposal in response and also participated in a teleconference with ORNL. *Id.* ¶ 33.

On February 19, 2021, ORNL announced that CCR would not receive the procurement award. *Id.* ¶ 35. It awarded the procurement contract to CURTI Costruzioni Meccaniche SpA and Dymenso LLC—neither of which had previously won SBIR awards for RF loads or had developed an RF load capable of safely absorbing 1 MW of power with the required performance. *Id.*

Later that month, CCR contacted the SBA to request an investigation to determine whether DOE complied with 15 U.S.C. § 638(r)(4) and Section 4(c)(7) of the SBIR Policy Directive. *Id.* ¶ 37. In March 2021, Jennifer Shieh, the Chief Scientist and Program Manager for SBA's Office of Investment and Innovation, contacted DOE and ORNL regarding the absence of a Phase III award. *Id.* ¶ 38. Ms. Shieh reported that DOE told her: that it "determined that [the RF load] procurement was not an SBIR Phase III opportunity"; and that "[p]rior to release of the [RF load] solicitation in 2020, ORNL's technical team performed an assessment of CCR SBIR projects for three awarded projects . . . and determined that the proposed [RF load] requirement would not derive from, extend, or complete the work performed by CCR on

6

these SBIR projects." *Id.* ¶ 39 (quoting Ex. 6, ECF No. 4-5 at 2). She further stated that "ORNL determined this was not a Phase III opportunity, with concurrence by DOE, permitting the procurement to be released as an open solicitation." *Id.* (quoting Ex. 6, ECF No. 4-5 at 2). DOE did not provide any records to SBA to support this evaluation, and SBA did not attempt to verify DOE's evaluation. *Id.* ¶ 40.

### B. Procedural

CCR filed this lawsuit on October 6, 2021. *See* Compl., ECF No. 1. On February 22, 2022, Defendants moved to dismiss the Complaint. *See* Defs.' Mot., ECF No. 14. CCR filed its opposition brief on March 8, 2022, *see* Pl.'s Mem. Opp'n Defs.' Mot. Dismiss ("Opp'n"), ECF No. 15; and Defendants filed their reply brief on March 15, 2022, *see* Reply Supp. Defs.' Mot. Dismiss ("Reply"), ECF No. 16. The motion is now ripe and ready for adjudication.

## III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (citation and internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). "In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). A claim is facially plausible when the facts pled in the complaint allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The standard does not amount to a "probability requirement," but it does require more than a "sheer possibility that a defendant has acted unlawfully." *Id*.

"[W]hen ruling on a defendant's motion to dismiss [pursuant to Rule 12(b)(6)], a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citation and internal quotation marks omitted). In addition, the court must give the plaintiff the "benefit of all inferences

8

that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**IV. Analysis**

Section 706 of the APA directs courts to: "(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

Defendants argue that, in the Complaint, CCR "fails to allege any final agency action performed by DOE" and "has failed to plead any agency action unlawfully withheld." Defs.' Reply, ECF No. 16 at 5, 9 (capitalization omitted).

**A.   CCR Has Failed to Allege Final Agency Action**

"The APA limits judicial review to 'final agency action for which there is no other adequate remedy in a court.'" *Soundboard Association v. Federal Trade Comm'n*, 888 F.3d 1261, 1267 (D.C. Cir. 2018)(quoting 5 U.S.C. § 704). "While the requirement of finality is not jurisdictional, without final agency action, 'there is no doubt that [plaintiff] would lack a cause of action under the APA.'" *Id.* (quoting *Reliable Automatic Sprinkler Co. v. Consumer Prod. Safety Comm'n*, 324 F.3d 726, 731 (D.C. cir. 2003). To state a claim, CCR "must first identify the final agency action being challenged." *Elk Run Coal Co. v. U.S. Dep't*

9

*of Lab.*, 804 F. Supp. 2d 8, 30 (D.D.C. 2011) (citing 5 U.S.C. § 704 (limiting judicial review to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in court")).

"Agency actions are final if two independent conditions are met: (1) the action 'mark[s] the consummation of the agency's decisionmaking process' and is not 'of a merely tentative or interlocutory nature;' and (2) it is an action 'by which rights or obligations have been determined, or from which legal consequences will flow.'" *Soundboard Association*, 888 F.3d at 1267 (*quoting Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)(internal quotation marks omitted). "An order must satisfy both prongs of the *Bennett* test to be considered final." *Sw. Airlines Co. v. U.S. Dep't of Transp.*, 832 F.3d 270, 275 (D.C. Cir. 2016).

CCR argues that it has alleged agency action because the Complaint alleges "that DOE made the central determination that is challenged in this action—the determination that no Phase III opportunity existed." Opp'n, ECF No. 15 at 13 (emphasis omitted); *see also* Compl., ECF No. 1 ¶ 39 (alleging that DOE "determined that [the RF load] procurement was not an SBIR Phase III opportunity"). CCR also argues that it has alleged agency action because the Complaint alleges that "DOE responded to SBA's inquiry and provided false or misleading information as to

10

the rigor and timing of its determination." *Id*. at 13 (emphasis omitted).

Defendants' Motion to Dismiss and Reply memorandum focus on the contractual relationship between DOE and UTB to argue that the procurement at issue was not conducted by DOE, but rather by UTB. *See* Mot. to Dismiss, ECF No. 14 at 6-7; Reply, ECF No. 16 at 6-9. In so doing, Defendants fail to address both the actual allegations in the Complaint and the reasonable inferences that can be made from them.

The Complaint fails to allege, however, that either of the actions attributed to DOE constitute final agency action. *See generally* Compl., ECF No. 1. Furthermore, in its opposition memorandum, CCR fails to argue that the actions attributed to DOE constitute final agency action. *See* Opp'n, ECF No. 15 at 11-13. In so doing, CCR fails to provide any argument or legal support whatsoever for the proposition that the agency action it has alleged is final agency action. Because CCR has neither alleged final agency action in the Complaint, nor provided any argument or legal authority whatsoever for why the two agency actions it has alleged constitute final agency action, CCR has failed to state a claim. Accordingly, the Court **DISMISSES** this claim **WITHOUT PREJUDICE.**

11

### B.   CCR Has Failed to State a Claim for Unlawfully Withheld Action

"[A] claim [concerning agency inaction] under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All. (SUWA)*, 542 U.S. 55, 64 (2004). "*SUWA* teaches that the only action a court may compel an agency to take under § 706(1) is a discrete action that the agency has a legal duty to perform." *Western Organization of Resource Councils v. Zinke*, 892 F.3d 1234, 1241 (D.C. Cir. 2018) (citing *SUWA*, 542 U.S. at 62-63). "The legal duty must be 'ministerial or nondiscretionary' and must amount to 'a specific, unequivocal command.'" *Id.* (quoting *SUWA* 542 U.S. at 63-64).

CCR argues that it has stated a claim for agency action unlawfully withheld because the Complaint alleges that DOE: (1) failed to negotiate with CCR, Opp'n, ECF No. 15 at 13, *see also* Compl., ECF No. 1 ¶ 32; (2) failed to direct UTB employees to negotiate with CCR for a Phase III contract, Opp'n, ECF No. 15 at 13; *see also* Compl., ECF No. 1 ¶ 44; and (3) failed to provide advance notification to SBA of its decision to award the procurement of RF loads to companies other than CCR, Opp'n, ECF No. 15 at 13; *see also* Compl., ECF No. 1 ¶ 44. CCR fails, however, to provide any argument or legal support whatsoever for

12

why the three withheld actions alleged constitute "discrete action that [DOE] is required to take" within the meaning of the relevant authority. *See* Opp'n, ECF No. 15 at 13-15. Rather, CCR argues that whether or not the procurement of RF loads was a Phase III opportunity is a factual question that the Court must assume to be true at the Motion to Dismiss stage and therefore the action it alleges was withheld was required. *See id.*

Defendants argue that UTB, not DOE, made decision as to whether the procurement was a Phase III opportunity, Mot. to Dismiss, ECF No. 14 at 10, Reply, ECF No. 16 at 9-10; and disagree that the Court should assume that the procurement was a Phase III opportunity at this stage of the proceedings, *id*. at 10-11.

Whether the agency action was potentially unlawfully withheld is entirely contingent on whether the procurement was a Phase III opportunity. CCR has alleged that DOE made the decision that the procurement was not a Phase III opportunity, and challenges that decision in its first claim here. With this second claim, CCR seeks to bootstrap a claim for unlawfully withheld agency action to the very agency action it challenges. CCR has provided no authority to support the proposition that the Court should assume to be true for the purpose of its second claim the very decision that it challenges in its first claim.

Assuming that the action CCR alleges was unlawfully withheld would have been required if DOE had determined that the procurement was a Phase III opportunity, DOE had no "legal duty to perform" the action based on its determination that the procurement was not a Phase III opportunity. *Western Organization of Resource Councils*, 892 F.3d at 1241. Furthermore, Section 706(1) authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "[A] delay cannot be unreasonable with respect to action that is not required." SUWA, 542 U.S. at 63 n.1. Similarly, an action that is withheld cannot be unlawful with respect to action that is not required. *See id*. When DOE allegedly withheld action, the action was not required because the determination had been made that the procurement was not a Phase III opportunity. And pursuant to that determination, a procurement— in which CCR unsuccessfully participated—was conducted. Because the allegedly withheld action was not a legal duty and was not required based on the determination that the procurement was not a Phase III opportunity, it was not unlawfully withheld. Therefore CCR has failed to state a claim. Accordingly, the Court **DISMISSES** this claim **WITH PREJUDICE**.

## V. Conclusion and Order

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, *see* ECF No. 14; is **GRANTED**. Plaintiff's claim pursuant to 5 U.S.C. § 706(2)(A) for agency action that is arbitrary, capricious, and not in accordance with law is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim pursuant to 5 U.S.C. § 706(1) for agency action unlawfully withheld is **DISMISSED WITH PREJUDICE**. Plaintiff shall have leave to file an Amended Complaint, if any, within 14 days of the date of this Memorandum Opinion and Order. Any such filing shall consider the effect of this Memorandum Opinion and Order on Plaintiff's claims. If Plaintiff does not timely file an Amended Complaint, the Court will enter a final, appealable order dismissing this case. *See Ciralsky v. CIA* 355 F.3d 661, 666-67 (D.C. Cir. 2004)(explaining the distinction between dismissing a complaint and dismissing the action or case).

**SO ORDERED.**

**Signed:**   **Emmet G. Sullivan**
              **United States District Judge**
              **August 7, 2023**

## V. Conclusion and Order

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Dismiss, *see* ECF No. 14; is **GRANTED**. Plaintiff's claim pursuant to 5 U.S.C. § 706(2)(A) for agency action that is arbitrary, capricious, and not in accordance with law is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim pursuant to 5 U.S.C. § 706(1) for agency action unlawfully withheld is **DISMISSED WITH PREJUDICE**. Plaintiff shall have leave to file an Amended Complaint, if any, within 14 days of the date of this Memorandum Opinion and Order. Any such filing shall consider the effect of this Memorandum Opinion and Order on Plaintiff's claims. If Plaintiff does not timely file an Amended Complaint, the Court will enter a final, appealable order dismissing this case. *See Ciralsky v. CIA* 355 F.3d 661, 666-67 (D.C. Cir. 2004)(explaining the distinction between dismissing a complaint and dismissing the action or case).

**SO ORDERED.**

**Signed:**   **Emmet G. Sullivan**
              **United States District Judge**
              **August 7, 2023**